IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                          Case No. 1:16-cr-03300 KWR

RUMALDO OLIVAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendant's Motion for Compassionate Release **(Doc. 40)**. Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. This matter was transferred to the undersigned on January 20, 2022. Having carefully reviewed the record and applicable law, the Court will deny the Motion.

### BACKGROUND

Defendant pled guilty to a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B): possession with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine. At the time of his arrest, Defendant was in the possession of a firearm. On April 20, 2017, Defendant was sentenced to an agreed upon sentence of 84 months' imprisonment. **Doc. 39.**

Defendant filed his pro se motion on March 22, 2021, and the next day the Federal Public Defender's Office filed a motion or extension of time to file a motion to appoint counsel and to screen for compassionate release. **Doc. 41.** The Federal Public Defender's office requested time to determine whether Defendant had exhausted his administrative remedies and whether it was appropriate to file a motion to appoint counsel. On April 5, 2021, the Federal Public Defender's

office informed the Government that they would not be moving to have counsel appointed in this case.

Judge Parker issued an order on April 26, 2021 granting the Federal Public Defender's motion and directing that the FPD must complete is screening of the compassionate release motion and file a motion to appoint counsel, if appropriate, by May 17, 2021.  **Doc. 43.**  No motion was filed.

This matter was transferred to the undersigned on January 20, 2022.

## DISCUSSION

Defendant filed this motion pursuant to § 3582(c)(1)(A) requesting that he be released

Generally, "a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (10th Cir. 2012) (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)).  However, Congress has provided a limited exception to this rule and allowed for certain "compassionate release" sentence modifications under § 3582(c)(1)(A).

The Court may reduce a sentence under this provision if Defendant administratively exhausts his request and three other requirements are met: (1) the court finds that extraordinary and compelling reasons warrant such a reduction; (2) the court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the court considers the factors set forth in § 3553(a), to the extent that they are applicable. *United States v. McGee*, __ F.3d __, 2021 WL 1168980, at *5 (10th Cir. 2021) (published).

 "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.  But when

a district court grants a motion for compassionate release, it must of course address all three steps." *Id.* at *6.

The Court declines to reduce Defendant's sentence for the following alternate reasons.

**I.    Defendant failed to show administrative exhaustion.**

Initially, the Court notes that Defendant has not addressed administrative exhaustion or shown that he has administratively exhausted his claims. Defendant's motion fails on this ground.

**II.   Defendant has not shown that extraordinary and compelling reasons warrant a sentencing reduction.**

Alternatively, the motion should be denied because Defendant has not shown extraordinary and compelling reasons warranting a sentencing reduction here.

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples." 28 U.S.C. § 994(t). *See also United States v. Saldana,* 2020 WL 1486892, at *2 (10th Cir.) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release). However, because the Sentencing Commission has been unable to comply with Congress' directive, the Court is currently not bound by the Sentencing Commission in determining what constitutes an extraordinary and compelling reason for sentence reduction. *United States v. McGee*, ___F.3d ___, 2021 WL 1168980, at *12 (10th Cir. 2021) (published). Therefore, the Court has discretion to consider whether the circumstances in this case are an extraordinary and compelling reason for a sentence reduction. *Id.* at *6-8. Similarly, the Court is also not constrained by policy statements set forth by the Sentencing Commission because the Sentencing Commission has not yet updated its policy statements. *Id.* at *10-12.

The Court assumes it has discretion to determine what constitutes extraordinary and compelling reasons for a sentence reduction. Defendant has admitted he has no underlying medical conditions. **Doc. 40 at 1.** However, he states that there are extraordinary and compelling reasons for a sentence reduction because he faces the COVID-19 pandemic while other inmates regularly fail to wear masks and he is unable to socially distance. The Court finds that the circumstances faced by Defendant while he is incarcerated do not constitute extraordinary and compelling reasons for his release.

### III.   Sentencing factors under § 3553(a) do not favor release.

Alternatively, even if Defendant showed administrative exhaustion and extraordinary and compelling reasons for a sentencing reduction, the applicable § 3553(a) factors do not favor reducing his term of imprisonment to time served. § 3582(c)(1)(A) (the court "may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent they are applicable…").

Defendant has not explained why the § 3553(a) factors weigh in favor of release. The Court has reviewed the record, including Presentence Report. After considering and balancing all applicable § 3553(a) factors, the Court concludes that a sentence reduction is not warranted.

### IV.   Motion is denied as moot as he has been released.

Pursuant to the BOP inmate locator, it appears that Defendant was released on January 19, 2022. Therefore, this motion should alternatively be denied as moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release **(Doc. 40)** is **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE